UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY RIOS,

                Petitioner,

-against-

MARK MILLER, Superintendent of Green Haven Correctional Facility,

                Respondent.

23-CV-2932 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the constitutionality of his August 26, 2010, conviction in the New York Supreme Court, Kings County. Because Petitioner was convicted and sentenced in Kings County, which is located in the Eastern District of New York, this action is transferred under Local Rule 83.3 to the United States District Court for the Eastern District of New York.[1]

      The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to

---

[1] Petitioner previously filed a petition for a writ of *habeas corpus* in the Eastern District of New York that was decided on the merits *See Rios v. Bradt*, No. 13-CV-4442 (E.D.N.Y. Sept. 25, 2020). He styles this petition as seeking leave to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). (*See* ECF 1). He first filed this petition in the United States Court of Appeals for the Second Circuit, but that court returned the petition to Petitioner, because it "was never filed in the District Court." (ECF 2, at 3.) This Court therefore leaves to the transferee court the decision whether to transfer this petition as a successive petition to the Court of Appeals. *See Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam) (in the interests of justice, district courts transfer second or successive petitions to the Court of Appeals).

proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 11, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[2] Petitioner did not pay the filing fee for this action or submit an application to proceed *in forma pauperis*.